447 F.2d 952
 Urbain DARDAR, Plaintiff-Appellee,
v.
LOUISIANA STATE DEPARTMENT OF HIGHWAYS and Houston Fire &
Casualty InsuranceCo., Defendants-Appellant.
No. 71-1624 Summary Calendar.*
*(1) Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 Aug. 11, 1971, Rehearing Denied Sept. 10, 1971.
 
 Kendall L. Vick, Jesse S. Guillot, New Orleans, La., Philip K. Jones, Norman L. Sisson, Baton Rouge, La., for defendants-appellants.
 Louis B. Merhige, William L. Crull, III, New Orleans, La., for plaintiff-appellee.
 Before COLEMAN, SIMPSON and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appealing from an adverse judgment below in an action tried without a jury under the Jones Act, Title 46, U.S.C., Section 688, and under general maritime law, holding them responsible in damages to the extent of $46,424.00 for negligence and for unseaworthiness of a car-ferry boat operated temporarily[1] across Goose Bayou, near LaFitte, Louisiana, for injuries received February 25, 1968, by the plaintiff-appellee, Dardar, asserted to be serving as a seaman aboard said ferry, the appellants, Louisiana State Department of Highways and its liability insurer, Houston Fire and Casualty Insurance Company attack the judgment appealed from by three claims of asserted error:
 
 
 2
 (1) whether the car-shuttle ferry, permanently anchored as it was to the bayou bank, was in navigation, and hence within the court's admiralty jurisdiction, which we are urged to answer 'No';
 
 
 3
 (2) whether the appellee was a seaman and as such entitled to maintenance and cure, which we are likewise urged to answer 'No'; and
 
 
 4
 (3) whether the trial court erroneously found the Department of Highways negligent and the appellee not contributorily negligent with his negligence being the sole proximate cause of the accident and injury, which it is asserted, we should answer 'Yes'.
 
 
 5
 As to the third point raised, and further as to the questions of fact inhering in the first and second points raised, the appellants have, in our judgment, failed to demonstrate that the trial judge's findings of fact are clearly erroneous. F.R.Civ.P., Rule 52(a); McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20.
 
 
 6
 As to the questions of law raised by the first and second points on appeal, we think that they are refuted, without need of further embellishment by us, by the trial court's carefully detailed and complete findings of fact, conclusions of law and judgment, reported at 322 F.Supp. 1115.
 
 
 7
 Affirmed.
 
 ON PETITION FOR REHEARING
 
 8
 It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.[2]
 
 
 
 [1]
 During repairs to a nearby bridge
 
 
 [2]
 In support of their petition for rehearing, the appellants rely heavily upon the decision of this Court in Cookmeyer v. Louisiana Department of Highways, 5 Cir., 1970, 433 F.2d 386. Cookmeyer, supra, was an action by a motorcyclist for injuries sustained when he fell from his vehicle on a pontoon bridge operated as part of Louisiana Highway 47 at the Parris Road crossing of the Mississippi Gulf Outlet and the Intercoastal Canal. This Court affirmed the district court's finding that the bridge was not a vessel (309 F.Supp. 881), thereby taking the action outside the district court's admiralty jurisdiction. In the case presently at bar, the ferry periodically traversed a navigable waterway in the process of transporting cars. The mere fact that the ferry was connected to a cable which was attached to structures on both banks of the waterway does not convert the ferry from a vessel into an extension of the land